**Harold E. NEWMAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14774.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 16, 1959.

Decided March 19, 1959.

Certiorari Denied June 8, 1959.

See 79 S.Ct. 1287.

———◆———

Mr. Daniel M. Gribbon, Washington, D. C. (appointed by this court), with whom Mr. Alvin Friedman, Washington, D. C., was on the brief, for appellant.

Mr. Louis M. Kaplan, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

**PER CURIAM.**

Convicted under three counts of housebreaking and under seven out of eight counts of robbery, Harold Newman did not appeal. But some eight months after sentence had been pronounced, he filed a petition to vacate it under 28 U.S.C. § 2255. He alleged ineffective assistance of counsel on the ground hereafter mentioned. Having been denied relief by the trial judge without a hearing, Newman appeals.

It seems that one Braggins, the victim of all the offenses, was being blackmailed by Newman. He finally complained to the police and upon their advice offered Newman $500 for immunity. They arranged to and did meet in a bank about noon the next day to complete the transaction. Newman accepted an envelope from Braggins and was at once seized by the police, to whom he immediately confessed his guilt. He was taken to headquarters where six detailed written confessions were prepared, and signed by the appellant. The first written confession was finished and signed about one o'clock, but the remainder of the afternoon was consumed in typing and signing the other five. Newman was arraigned the next morning.

The oral and written confessions were used in evidence at the trial without objection. Although he does not claim the inculpatory statements were in any sense involuntarily made, Newman now says they were inadmissible under Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, and calls his counsel ineffective because he did not object to their introduction.

In the circumstances, the motion under § 2255, asserting ineffective assistance of counsel, did not contain allegations which necessitated a hearing. Mitchell v. United States, 104 U.S.App. D.C. 57, 259 F.2d 787, certiorari denied, 1958, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86.

Affirmed.